Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

'07 MAY 10 P4:11

U.S.A. vs. Ferris Lamont Page                    Docket No. 01-00030-002 Erie

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Ferris Lamont Page, who was placed on supervision by the Honorable Sean J. McLaughlin sitting in the Court at Erie, Pennsylvania, on the 30th day of July 2002, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm or destructive device.
- The defendant shall pay any remaining restitution through monthly installments of not less than 10 percent of his gross monthly income.
- The defendant shall provide the probation officer with access to any requested financial information.
- The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.
- The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. He shall participate in a treatment program for substance abuse if deemed necessary.
- The defendant shall pay a special assessment of $100.
- The defendant shall make restitution to Northwest Savings Bank in the amount of $6,360.

07-30-02:   Bank Robbery; 24 months' incarceration, 3 years' supervised release.
06-10-04:   Released to supervision; Currently supervised by U.S. Probation Officer Matthew L. Rea.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the defendant paid $175 toward his restitution amount of $6,360. The nominal amount of payment was due to the defendant's difficulty in obtain permanent employment, paying child support, and caring for close relatives. Mr. Page does not have the ability to pay the balance of restitution in full prior to the expiration of his term of supervised release on June 9, 2007. Therefore, it is respectfully recommended that the case be allowed to close with money owing.

U.S.A. vs. Ferris Lamont Page
Docket No. 01-00030-002 Erie
Page 2

PRAYING THAT THE COURT WILL ORDER that the term of supervised release imposed at Criminal No. 01-00030-002 Erie be allowed to expire as scheduled with the restitution due and owing and the case be closed.

|  |  |
|---|---|
| **ORDER OF COURT** | I declare under penalty of perjury that the foregoing is true and correct. |
| Considered and ordered _____ day of _____, ____ and ordered filed and a part of the records in the above case. | Executed on       May 9, 2007 |
|  | _____ |
|  | Matthew L. Rea |
|  | U.S. Probation Officer |
| _____ | _____ |
| U.S. District Judge | Gerald R. Buban |
|  | Supervising U.S. Probation Officer |
|  | Place:    Erie, PA |